PER CURIAM:
On June 17, 1991, the claimant and his wife traveled from their Branchland, Lincoln County residence to Huntington, by way of Four-Mile Road and County Route 8. Upon returning to Branchland later that day, the claimant’s wife, Jean Clay was driving the claimant’s 1984 Chevrolet Cavalier when the vehicle struck a guardrail near the entrance to the Pound Fork Bridge in Branchland on Four-Mile Road. The claimant alleges that the wife could not have avoided colliding with it. As a result of the collision, the claimant seeks to recover the amount of $799.60 for repairing the front side and bumper of his vehicle.
The respondent denied negligence and asserted that intervening and superseding causes were the proximate cause of the claimant’s damage, and that such damage is not directly attributable to any act or omission on the part of the respondent.
The Court, having considered the evidence in this claim, finds that vandalism caused the guardrail to become dislodged from its mounting and left upon the road-side. Timothy S. Pullen, a road maintenance supervisor for respondent in Lincoln County, testified that neighborhood children were probably removing bolts from the wooden support blocks that attach the guardrails to the posts. The children wanted the wooden support blocks. These blocks were valued as either firewood, or for their allegedly intoxicating smoke. The witness further testified that one child had recently been asphyxiated while attempting to burn (smoke) a block. After a second incident involving the attempted theft of the blocks occurred, the respondent adopted a policy of cutting off the bolts that affix the blocks and battering their ends so that removal of the bolts and blocks would be all but impossible without a torch.
From the foregoing facts the Court has determined that the acts of a third party caused and created the road hazard that proximately caused the claimant’s vehicle damage. The vandalism to the guardrail support is an intervening and superseding act. Accordingly, the respondent did not have notice of or any opportunity to guard against such malicious act(s). Respondent cannot be held responsible for the consequences. It is apparent that once the conduct of the vandals was discovered, the appropriate measures were taken by the respondent to prevent further mischief.
As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. See Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947).
*76 Claim disallowed.